RED RIVER VALLEY TRUST COMPANY et al. v. C. O. CARTER et ux. (No. 1851.) (Court of Civil Appeals of Texas. El Paso. June 3, 1926. Rehearing Denied June 24, 1926.) Appeal from District Court, Upton County; C. R. Sutton, Judge. Wright & Baldwin, of Paris, for appellants. Patrick & Eubank, of Paris, for appellees.

WALTHALL, J. In November, 1921, Miss M. M. Caviness bought two tracts of land in Upton county from C. O. Carter. The undisputed evidence shows that she then paid Carter for the land $1,000 in cash, and delivered to him live stock of the value of $900, and agreed to assume a balance upon the purchase price of the land due the state of Texas. At that time Carter was married. The land was conveyed by Carter to Miss Caviness by deed dated March 10, 1922, recorded March 11, 1922. Carter's wife having died, he married Miss Caviness in December, 1923. On February 3, 1922, the Red River Valley Trust Company recovered a judgment against Carter, which was abstracted and recorded in Upton county March 15, 1922. On August 25, 1924, the American National Bank of Paris, Tex., recovered a judgment against Carter, which was abstracted and recorded in Upton county on December 11, 1924. Subsequently this suit was brought by the plaintiffs in said judgments against Mrs. Carter, joining her husband pro forma, to set aside the above-mentioned deed and subject the land conveyed thereby to the payment of said judgments. It was averred that the conveyance was without consideration, and was executed by Carter with intent to hinder, delay, and defraud his creditors, of which Mrs. Carter had notice at the time. The case was tried without a jury. Judgment was rendered for defendants. Findings and conclusions were not filed by the trial court. It is assigned as error that the deed by Carter to Miss Caviness was executed with the intent on his part to hinder, delay, and defraud his creditors, of which intent Miss Caviness had notice, or could have known thereof by the exercise of reasonable diligence. This is purely a question of fact. Under the evidence the court, in the first place, was warranted in finding that the plaintiffs failed to establish such intent on Carter's part. In the second place, and assuming such intent, the evidence abundantly establishes that Miss Caviness had no notice thereof, and that she bought and paid for the land in perfect good faith. Nor can it be said that she had knowledge of any fact which would constructively charge her with such notice. The evidence abundantly supports the trial court's presumed findings upon all these issues. There is no occasion to incumber this opinion by quoting the same. Upon such findings judgment was properly rendered in Mrs. Carter's favor. Tillman v. Heller, 78 Tex. 597, 14 S. W. 700, 11 L. R. A. 628, 22 Am. St. Rep. 77; Le Page v. Slade, 79 Tex. 473, 15 S. W. 496; Skidmore v. Bank (Tex. Civ. App.) 261 S W. 552. Affirmed.